## Holbrooks v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Knott Circuit Court.

Criminal Law—No New Trial for Surprise, in Absence of Attempt to Procure Continuance.—Accused was not entitled to a new trial because, relying on statements made by the prosecuting witness before the trial, he was unavoidably prevented from having certain witnesses at the trial to contradict the testimony of such witness, where he did not ask a continuance of the case to enable him to meet the unexpected testimony.

JOHN CAUDILL for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is an appeal from a judgment of the Knott circuit court convicting Henry Holbrooks of unlawfully transporting intoxicating liquors.

It is the contention of appellant that the evidence was not sufficient to justify a conviction in that it does not show the offense was committed in Knott county. In presenting this contention counsel evidently overlooked the testimony of the principal witness for the Commonwealth, who stated specifically that the point where he saw the accused transporting the liquor was in Knott county.

The only other contention is that the court should have granted a new trial because appellant, relying on statements made by the prosecuting witness before the trial, was unavoidably prevented from having present at the trial certain witnesses to contradict the testimony given by the prosecuting witness. On this point it is enough to say that, even if it be admitted that defendant was surprised at the testimony in question, he has not shown that he is entitled to a new trial, since at the time the testimony was given he made no attempt to procure a continuance of the case for the purpose of preparing to meet the unexpected testimony. On the contrary, he proceeded with the trial, taking his chances on the results. In view of these facts he cannot claim surprise as a ground for a new trial.

As neither of the grounds complained of constitutes error, the judgment is affirmed.